Scott R. Hatch, Bar No. 241563
  shatch@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Plaintiff Applied General Agency, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED GENERAL AGENCY, INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>JOHN DOE 1 through 10, whose true names are unknown,<br><br>            Defendants. | Case No.  8:18-CV-1122<br><br>**COMPLAINT FOR**<br><br>**(1) VIOLATION OF THE CFAA (18 U.S.C. § 1030)**<br>**(2) VIOLATION OF THE DTSA (18 U.S.C. §§ 1832 AND 1836)**<br>**(3) VIOLATION OF THE CUTSA (CAL. CIV. CODE § 3426 *et seq.*)**<br>**(4) VIOLATION OF THE UCL (CAL. BUSINESS AND PROFESSIONS CODE § 1700 *et seq.*)**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed:   None Set<br>Trial Date:            None Set |

# COMPLAINT

1. Plaintiff Applied General Agency, Inc. ("AGA"), with knowledge as to its own conduct and upon information and belief as to all others, seeks relief against Defendants John Doe 1 through 10 ("Defendants"), whose true names are currently unknown, based on the facts and grounds set forth below.

## THE PARTIES

2. Plaintiff AGA is, and at all times herein mentioned was, a corporation organized and existing under the General Corporation Law of the State of California, and doing business in Orange County, California as an insurance agency, selling accident, health and life insurance policies and memberships to consumers in this state.

3. Defendants John Doe 1 through 10 are individuals whose names and addresses of residence are currently unknown, and who are therefore sued here under fictitious names pursuant to Local Rule 19-1. AGA will seek leave to amend this Complaint after Defendants' true names have been ascertained.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear and determine the claims presented in this suit pursuant to 28 U.S.C. § 1331 (with respect to the First and Second Claims for Relief), 18 U.S.C. § 1836(c) (with respect to the Second Claim for Relief), and 28 U.S.C. § 1367(a) (with respect to the Third and Fourth Claims for Relief).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this Complaint occurred within this District, and Defendants may reside within this District.

## FACTUAL BACKGROUND

6. This case arises from the attempted unauthorized access of confidential data by a person or persons whose identities are not yet known.

7. As an insurance agency, AGA collects personal, financial, health data, and other sensitive information from its clients (the "Client Data"). AGA has accumulated the Client Data through considerable time and expense, and because the Client Data is a

compilation of customer needs and services that is not publicly available, the Client Data is economically valuable to AGA.

8. AGA's Client Data is stored in a secure and protected electronic database (the "Client Database") that can be accessed only by authorized individuals through confidential and individualized credentials.

9. On or about June 18, 2018, AGA became aware that someone had attempted to access the Client Database through an Internet Service Provider ("ISP"), which suggested that an unauthorized person was attempting to access the Client Data from the Client Database.

10. AGA determined that the attempted intrusion could be traced to a network controlled by Time Warner Cable ("Time Warner"), which Defendants used to attempt to access the Client Data. The IP address used for this attempt was 2605:e000:2ec7:9400:3cb3:f461:ad9a:32b1.

11. On March 22, 2018, at approximately 6:21 p.m., AGA was notified by Verizon that the personal identification number ("PIN") had been changed. No one affiliated with AGA had made this change; rather, it was done by Defendants. AGA reached out to Verizon, and Verizon confirmed that someone had changed the PIN and was attempting to make further changes to AGA's account. Had this Defendant succeeded, they would have had access to confidential information and communications related to AGA's clients, agents, sales, and other business information. AGA is unaware of the identity of the Defendants who attempted to access AGA's proprietary information through Verizon, but will amend this Complaint when it is able to ascertain that information. The data that Defendants could have accessed had their attempts succeeded could contain EPHI (electronic protected health information). AGA is required by law to protect and safeguard this EPHI, and a breach of this data would constitute a violation of federal law.

12. The attempted unauthorized access to the Client Database, the Client Data, and to AGA's other confidential information through Verizon has caused AGA to incur

1 damages (including costs incurred in responding to and assessing the privacy incident)
2 of at least $5,000.

## FIRST CLAIM FOR RELIEF

### Violation of the CFAA

### 18 U.S.C. § 1030

### Against All Defendants

13. AGA incorporates and re-alleges paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. The Computer Fraud and Abuse Act of 1986 (the "CFAA"), as amended and codified in part at 18 U.S.C. § 1030, provides a private right of action against one who injuriously obtains, attempts to obtain, or conspires to obtain information from a protected computer without authorization or by exceeding authorized access.

15. On or around June 18, 2018, Defendants intentionally and without authorization, or by exceeding authorization, attempted to access the Client Database and thereby attempted to obtain the Client Data. The Client Database and the Client Data are housed in a system that is maintained at a data storage facility that is used in or affecting interstate commerce. On March 22, 2018, Defendants attempted to access AGA's confidential trade secret information through AGA's Verizon account.

16. Defendants' conduct has caused AGA to incur damages in an amount not less than $5,000 in a 1-year period, the full sum of which will be proven at trial.

## SECOND CLAIM FOR RELIEF

### Violation of the DTSA

### 18 U.S.C. §§ 1832 and 1836

### Against All Defendants

17. AGA incorporates and re-alleges paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. The Economic Espionage Act of 1996 (the "EEA") as amended by the Defense of Trade Secrets Act of 2016 (the "DTSA") and codified in part at 18 U.S.C. §§ 1832 and 1836, provides a private right of action against one who, inter alia, knowingly obtains, copies, or conveys information without authorization (or who conspires or attempts to do so), with the intent to convert a trade secret and with the knowledge that such conduct will injure the trade secret's owner.

19. On or around June 18, 2018, Defendants knowingly attempted to obtain, copy, or convey the Client Data without authorization. The Client Data constitutes a trade secret developed by AGA for use in the commercial provision of insurance, health plans, and related products and services to consumers in interstate commerce throughout the country. On March 22, 2018, Defendants attempted to access AGA's confidential trade secret information through AGA's Verizon account.

20. Defendants' willful and malicious conduct has caused AGA to incur damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

**Violation of the CUTSA**

**California Civil Code § 3426 et seq.**

**Against All Defendants**

21. AGA incorporates and re-alleges paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. The California Uniform Trade Secrets Act of 1984 (the "CUTSA"), as amended and codified by California Civil Code § 3426 *et seq.*, provides a private right of action against one who knowingly and improperly acquires a trade secret (or who discloses an improperly acquired trade secret without consent). Civil Code § 3426.2 allows injunctive relief for threatened misappropriation.

23. On June 18, 2018, Defendants knowingly and improperly attempted to access the Client Database to acquire the Client Data. On March 22, 2018, Defendants

1  attempted to access AGA's confidential trade secret information through AGA's
2  Verizon account.

3       24.    The Client Data and trade secret information accessible through AGA's
4  Verizon account constitutes a compilation of information that derives independent
5  economic value from not being generally known to the public, and AGA has made
6  reasonable efforts to maintain the secrecy of the Client Data and other trade secret
7  information.

8       25.    Defendants' willful and malicious conduct has caused AGA to incur
9  damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### Violation of the UCL

### California Business & Professions Code § 17200 et seq.

### Against All Defendants

14       26.    AGA incorporates and re-alleges paragraphs 1 through 25, inclusive, as
15  though fully set forth herein.

16       27.    The California Unfair Competition Law, codified by California Business
17  and Professions Code § 17200 et seq., provides a private right of action against one who
18  commits an unlawful, unfair, or fraudulent business act or practice.

19       28.    In or around June 18, 2018, Defendants unlawfully and unfairly attempted
20  to access and obtain information from the Client Database without authorization (or by
21  exceeding their authorization) and (2) attempted to misappropriate the Client Data.  On
22  March 22, 2018, Defendants attempted to access AGA's confidential trade secret
23  information through AGA's Verizon account.

24       29.    Defendants have been unjustly enriched by their wrongful conduct in an
25  amount to be proven at trial.



# PRAYER

WHEREFORE, AGA prays for judgment against Defendants as follows:

1. For compensatory damages for all losses actually caused by Defendants' wrongful conduct;

2. For compensatory damages for all costs of responding to and assessing the consequences of Defendants' unauthorized access to the Member Data and other confidential information, pursuant to 18 U.S.C. §§ 1030(g) and (e)(11);

3. For monetary damages for any unjust enrichment that would otherwise accrue to Defendants as a result of their wrongful conduct, pursuant to 18 U.S.C. § 1836(b)(3)(B)(i)(II), California Civil Code § 3426.3(a), and California Business and Professions Code § 17203;

4. For punitive or exemplary damages for Defendants' willful and malicious acts of misappropriation, pursuant to 18 U.S.C. § 1836(b)(3)(C) and California Civil Code § 3426.3(c); or alternatively, for Defendants' oppressive, fraudulent, or malicious acts pursuant to California Civil Code § 3294;

5. For injunctive relief to protect the Client Data and other confidential information to prevent any actual or threatened misappropriation thereof, pursuant to 18 U.SC. §§ 1030(g) and 1836(b)(3)(A), California Civil Code § 3426.2, and California Business and Professions Code § 17203;

6. For reasonable attorneys' fees and costs incurred in this action based on Defendants' willful and malicious misappropriation, pursuant to California Civil Code § 3426.4;

7. For such other and additional relief as the Court may deem just and proper.

Dated:  June 22, 2018            CALL & JENSEN
                                 A Professional Corporation
                                 Scott R. Hatch

                                 By: */s/ Scott R. Hatch*
                                     Scott R. Hatch

                                 Attorneys for Applied General Agency, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff Applied General Agency, Inc. hereby demands a jury trial pursuant to FRCP 38 on all issues raised in the Complaint.

Dated: June 22, 2018

CALL & JENSEN
A Professional Corporation
Scott R. Hatch

By: */s/ Scott R. Hatch*
    Scott R. Hatch

Attorneys for Applied General Agency, Inc.